UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ERICK PEEPLES, et al.,**

    Plaintiffs,                      CIVIL ACTION NO. 13-cv-13858

    v.                             DISTRICT JUDGE SEAN F. COX

**DETROIT, CITY OF, et al.,**        MAGISTRATE JUDGE MONA K. MAJZOUB

    Defendants.
_____/

### OPINION AND ORDER GRANTING PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER [25] AND DENYING DEFENDANT'S MOTION TO COMPEL DISCOVERY [31]

      This matter comes before the Court on Plaintiffs Erick Peeples, Perry Anderson, Vincent Fields, Arnold Freeman, Ralph Glenn, Jr., Jamal Jennings, Lee Jones, Anthony McCloud, Exander Poe, David Rivera, and Samuel Shack's Motion for a Protective Order (docket no. 25) and a Motion to Compel Discovery filed by Defendant Detroit Fire Fighters Association, Local 344, International Association of Firefighters, AFL-CIO (DFFA) (docket no. 31). Defendants DFFA and City of Detroit responded to Plaintiffs' Motion (docket nos. 34 and 35); Plaintiffs responded to Defendant DFFA's Motion, and Defendant DFFA replied to Plaintiffs' response (docket nos. 36 and 40). The Motions have been referred to the undersigned for consideration. (Docket nos. 26 and 32.) The Court has reviewed the pleadings and dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). The Court is now ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

I.      **BACKGROUND**

In this employment discrimination action, Plaintiffs allege that Defendants discriminated against them on the basis of race in violation Title VII of the Civil Rights Act of 1964 when Defendant City of Detroit laid them off from their employment as firefighters with the Detroit Fire Department in August 2012.  (Docket no. 12.)  Plaintiffs were later recalled to work on October 29, 2012.  Plaintiffs allege that, as a result of Defendants' actions, they have suffered damages in terms of loss of compensation, humiliation, embarrassment, general loss of enjoyment of life, and other compensatory harm, entitling them to the recovery of back pay and damages related to their emotional distress, among other things.  (*See id.*)

On January 7, 2016, counsel for Defendant DFFA hand-delivered authorizations for the release of Plaintiffs' medical records to Plaintiffs' counsel for Plaintiffs to complete and return; the authorizations did not specify a particular health care provider with regard to each plaintiff.  (Docket no. 25 at 2.)  Plaintiffs' counsel then emailed Defendant DFFA's counsel on January 12, 2016, and referred them to Plaintiffs' answers to Defendant City of Detroit's interrogatories, in which Plaintiffs identified no health care providers with whom they had sought treatment for the injuries alleged in this matter.  (Docket no. 25 at 2; docket no. 25-1.)  Plaintiffs' counsel advised that in light of Plaintiffs' answers, he would not recommend to his clients that they sign the authorizations because he did not believe that any formal medical records existed.  (Docket no. 25-1.)  Plaintiffs' counsel then told Defendant DFFA's counsel to let him know who they believed had any such records for Plaintiffs and that upon such advice, Plaintiffs' counsel would then secure the records or provide a release to Defendant DFFA.  (*Id.*)

Defendant DFFA's counsel responded in a January 23, 2016 letter, with which he enclosed copies of the previously-served medical authorizations as well as authorizations for the

release of Plaintiffs' unemployment records and tax returns. (Docket no. 25 at 2; docket no. 25-2; docket no. 25-3.) In the letter, Defendant DFFA's counsel asserted that because Plaintiffs have alleged economic and non-economic damages, they have put their employment and health at issue, and they are therefore obliged to sign the authorizations. (Docket no. 25-2 at 2.) Defendant DFFA's counsel also asserted that even though Plaintiffs hadn't sought treatment from any health care providers for their alleged emotional injuries, they were still obliged to "identify all physicians who may have treated Plaintiffs, *for any reason*, during the time period alleged in the First Amended Complaint." (Docket no. 25-2 at 1 (emphasis in original).) Plaintiffs' counsel responded by email on January 27, 2016, and reiterated that he did not believe that the discovery sought by Defendant DFFA was proper where Plaintiffs were not alleging to have sought medical treatment or counseling for their injuries. (Docket no. 31 at 12; docket no. 31-8 at 3.)

On January 28, 2016, counsel for the parties conferred, discussed their positions related to the authorizations, and advised each other of their intent to file the instant Motions, which are now pending before the Court. (Docket no. 25 at 2-3.)

**II.    GOVERNING LAW**

The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad. *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998). Parties may obtain discovery on any matter that is not privileged, is relevant to any party's claim or defense, and is proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Information need not be admissible in evidence to be

3

discoverable. Fed. R. Civ. P. 26(b)(1). But the scope of discovery is not unlimited. "District courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce." *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007).

Rules 33 and 34 allow a party to serve interrogatories and requests for production of documents on an opposing party. Fed. R. Civ. P. 33, 34. A party receiving these types of discovery requests has thirty days to respond with answers or objections. Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A). If the party receiving discovery requests under Rules 33 or 34 fails to respond properly, Rule 37 provides the party who sent the discovery the means to file a motion to compel. Fed. R. Civ. P. 37(a)(3)(B). If a court grants a Rule 37 motion to compel, or if discovery is received after a Rule 37 motion is filed, then the court must award reasonable expenses and attorney's fees to the successful party, unless the successful party did not confer in good faith before the motion, the opposing party's position was substantially justified, or other circumstances would make an award unjust. Fed. R. Civ. P. 37(a)(5)(A).

Rule 26(c) allows the court to issue protective orders for good cause shown to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including that the disclosure or discovery not be had or that the disclosure or discovery be limited to certain matters. Fed. R. Civ. P. 26(c). The party seeking a protective order has the burden of showing that good cause exists for the order. *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001). To show good cause, the movant must articulate specific facts showing "clearly defined and serious injury resulting from the discovery sought and cannot rely on mere conclusory statements." *Id.* (citations and internal quotation marks omitted).

**III.     ANALYSIS**

According to the parties' competing motions, the instant discovery dispute lies in whether Plaintiffs should be compelled to complete and produce authorizations for the release of their medical records, unemployment records, and tax returns.  (*See* docket nos. 25 and 31.)   As an initial matter, Plaintiffs argue that Defendant DFFA is attempting to circumvent Federal Rule of Civil Procedure 34 by informally asking them to sign the authorizations instead of seeking the documents directly from Plaintiffs through the formal discovery process.  (Docket no. 25 at 3-6.) Plaintiffs rely on *Moody v. Honda of Am. Mfg., Inc.*, No. 2:05-cv-0880, 2006 WL 1785464 (S.D. Ohio June 26, 2006), *report and recommendation adopted,* No. C-2-05-0880, 2007 WL 1101246 (S.D. Ohio Apr. 11, 2007) to support their position on this issue.  (Docket no. 25 at 3-5.)

In *Moody*, the court recognized that that there is a split of authority regarding whether a court may direct a party that has placed his or her medical condition at issue to sign an authorization for the release of his or her medical records.  *Moody*, 2006 WL 1785464, at *4. The *Moody* court explained that the courts which have found in the affirmative have noted that the party whose records are being requested has waived any physician-patient privilege and that securing a release and obtaining the medical records directly from the provider is the most expeditious and efficient way of doing so.  *Id*.  The *Moody* court further explained that the courts who have reached the opposite conclusion have done so because, while the privilege may have been waived, allowing an opposing party to communicate directly with a party's health care provider presents a risk of the dissemination of privileged information without the party's knowledge.  *Id*.  According to *Moody*, the courts that have adopted this latter view have concluded that medical records are more appropriately sought and produced directly from the

5

party through a Rule 34 discovery request. *Id.* The *Moody* court aligned itself with the courts of the latter view, and Plaintiffs urge this Court to do the same.

The Court, however, is aligned with the courts who have adopted the former view insofar as it finds that an authorization for the release of records is a proper and efficient means by which to secure a party's records. Nevertheless, Defendant DFFA may not circumvent the formal discovery process by sending Plaintiffs authorizations for signature, especially blank authorizations, without first, or simultaneously, making a corresponding formal discovery request pursuant to Federal Rules of Civil Procedure 33 and/or 34. *See Garrison v. Dutcher*, No. 1:07-CV-642, 2008 WL 938159, at *2 (W.D. Mich. Apr. 7, 2008) ("While defendants' informal discovery request may be expeditious, federal courts have denied motions to compel the production of documents where the movant failed to make a formal discovery request for the documents.") (citing cases). Defendant DFFA did not follow proper procedure in this matter, and because it failed to do so, there is no basis for Defendant DFFA's Motion to Compel under Federal Rule of Civil Procedure 37(a)(3)(B). *See id.* Accordingly, the Court will grant Plaintiffs' Motion for a Protective Order and deny Defendant DFFA's Motion to Compel Discovery.[1]

Defendant DFFA contends that any argument that it has circumvented the discovery rules is now moot because it served Plaintiffs with interrogatories and requests for production on January 29, 2016, one day after Plaintiffs filed the instant Motion for Protective Order. (Docket no. 34 at 9 (citing docket no. 34-3).) Defendant DFFA is incorrect. Defendant DFFA's tardy discovery requests do not automatically cure its improper, informal request that Plaintiffs sign the requested authorizations, because Plaintiffs have thirty days to respond to Defendant DFFA's

---

[1] Because the Court renders its decision on procedural grounds, it declines to address the parties' premature substantive arguments concerning the relevance of the information Defendant DFFA seeks through the authorizations.

discovery requests with answers or objections pursuant to Federal Rules of Civil Procedure 33(b)(2) and 34(b)(2)(A), and as of the dates of the instant Motions, the time for response had not yet passed.[2] Thus, any argument that Plaintiffs should immediately sign the authorizations simply because Defendant DFFA served them with discovery requests fails.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for a Protective Order [25] is **GRANTED** and Defendant DFFA's Motion to Compel Discovery [31] is **DENIED**.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated:  September 22, 2016           s/ Mona K. Majzoub
                                     MONA K. MAJZOUB
                                     UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon counsel of record on this date.

Dated:  September 22, 2016           s/ Lisa C. Bartlett
                                     Case Manager

---

[2] Notably, Defendant DFFA's discovery requests and Plaintiffs' responses thereto, if any, are not properly before the Court as the subject of any Motion to Compel.