UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Erick Peeples, *et al.*,

    Plaintiffs,

v.                                           Civil Action No. 13-13858

City of Detroit, *et al.*,                Sean F. Cox
                                                     United States District Court Judge

    Defendants.
_____/

## ORDER
## ON OBJECTIONS TO AMOUNT OF COSTS TAXED

Plaintiffs are eleven firefighters who were laid off by the City of Detroit ("the City") during a reduction in force. Plaintiffs were recalled to work 80 days after being laid off and their labor union, Defendant International Association of Firefighters Local 344 ("the Union") successfully grieved their layoffs. In this action, Plaintiffs asserted Title VII race discrimination claims against the City and the Union.

In an Opinion & Order issued on January 26, 2017, this Court: 1) granted summary judgment in favor of the City as to Plaintiffs' claims against it; 2) granted summary judgment in favor of the Union as to Plaintiffs' claims against it; and 3) denied both Defendants' requests for sanctions. This Court issued a Judgment the same day.

Thereafter, the Union filed a Bill of Costs (D.E. No. 94) on February 9, 2017, seeking a total of $10,334.87 in costs for court reporter and transcript fees.

On February 9, 2017, the clerk taxed costs against Plaintiffs and in favor of the Union in the total amount of $9,302.17. (D.E. No. 95). The clerk denied $1,032.70 in court reporter fees that had been requested by the Union, stating:

1

> Court reporter fees as to witness John King ($328.00), Vincent Fields ($527,60), and Marcus Holmes ($177.10) are denied, as the bill of costs documents that the corresponding deposition transcripts were used only by plaintiffs in support of their motion responses, and not by the prevailing defendants. (The costs for these witnesses are included in invoice numbers 60445, 600956, and 598011 in the bill of costs. Costs for these witnesses were determined by adding the cost of their transcripts, plus one-half the cost for the attendance fees, where applicable, and on-half the cost for the document imaging fees.)

(D.E. No. 95 at Pg ID 4257).

Rule 54 of the Federal Rules of Civil Procedure provides, in pertinent part, that unless a federal statute, a specific rule, or a court order provides otherwise, costs other than attorney's fees "should be allowed to the prevailing party." Fed. R. Civ. P. 54(d). Rule 54(d) further provides that after the clerk has taxed costs, the court "may review the clerk's action" "[o]n motion served within the next 7 days." *Id.*

On February 15, 2017, both Plaintiff and the Union filed timely objections to the costs taxed by the clerk. (D.E. Nos. 96 & 97).

Plaintiffs contend that the amount of costs taxed should be reduced in two respects. First, they assert that the clerk should not have taxed costs as to the depositions of Ralph Glenn, Jr. and Lee Jones, Jr. because although Plaintiffs cited to them in their summary judgment briefs, the Union did not. Plaintiffs ask the Court to reduce the costs to $8,051.37 for those two depositions. Second, Plaintiffs ask the Court to "order the payment of no more than $4,000.00 in costs" because: 1) taxing the full amount would have a chilling effect on future litigation; 2) Plaintiffs are still members of the Union and awarding costs may "keep this episode in the fire

department an open wound." (D.E. No. 96 at 2-3).[1]

The Union is also unhappy with amount of the taxed costs by the clerk. It contends that the clerk erred in not allowing costs for three depositions (John King, Vincent Fields, and Marcus Holmes) and should have allowed the entire $10,334.87 that it sought. The Union argues that "[transcripts are reasonably necessary, and therefore taxable, if cited by any party in support or defense of a motion for summary judgment. See *Lamar v. Oakland County*, 2008 WL 239830 (E.D. Mich.) and *Keweenaw Bay Indian Cmty. v Rising*, 2005 WL 3535124 (W.D. Mich.)." (D.E. No. 97 at 1).

Having reviewed the parties' objections, the Court concludes that the Union should be awarded the entire amount of costs sought for deposition transcripts.

"Rule 54(d) of the Federal Rules of Civil Procedure provides that 'costs shall be allowed as of course to the prevailing party unless the court otherwise directs.' This language creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court." *White & White, Inc. v. American Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986). Thus, the award of costs under Rule 54 is addressed to the court's discretion. *Singleton v. Smith*, 241 F.3d 534, 538 (6th Cir. 2001).

One allowable cost – the only one at issue here – is the cost of "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. §

---

[1] Plaintiffs also suggest that the Court should consider the "ability of the prevailing party to pay its own costs." D.E. No. 96 at 2. But the Sixth Circuit has identified the ability of the prevailing party to pay his or her own costs as a factor that the district court "should *ignore* when determining whether to exercise its discretion" as to awarding costs. *White & White, Inc. v. American Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986) (emphasis added).

1920(2).

"Ordinarily, the costs of taking and transcribing depositions reasonably necessary for the litigation are allowed to the prevailing party. Necessity is determined at the time of taking, and the fact that a deposition is not actually used at trial is not controlling." *Sales v. Marshall*, 873 F.2d 115,120 (6th Cir. 1989).

The five deposition transcripts that Plaintiffs take issue with are those of Vincent Fields, Ralph Glenn, Jr., Lee Jones, Jr., John King, and Marcus Holmes. The Court concludes that those deposition transcripts were reasonably necessary for the litigation.

Fields, Glenn, and Jones were named Plaintiffs and, as such, it was necessary for the Union to depose those men in order to defend against this lawsuit.

Moreover, district courts within this Circuit have "found that depositions cited by either party in support or defense of a motion are 'reasonably necessary for the litigation' and, therefore, are taxable by the prevailing party under § 1920(2)." *See, e.g., Lamar v. Oakland Cnty.*, 2008 WL 239830 at * 1 (E.D. Mich. 2008); *see also Keweenaw Bay Indian Cmty. v. Rising*, 2005 WL 3535124 at *2 (W.D. 2005). All of the transcripts at issue were submitted to the Court in connection with the Defendants' Motions for Summary Judgment. That these transcripts were submitted by Plaintiffs' Counsel, rather than Defense Counsel, does not make them any less necessary for the determination of the issues presented to the Court.

Accordingly, IT IS ORDERED that the Court OVERRULES Plaintiffs' Objections (D.E. No. 96) and SUSTAINS the Union's Objections. (D.E. No. 97). The Court ORDERS that the Union is entitled to costs in the total amount of $10,334.87.

IT IS SO ORDERED.

Dated:  March 27, 2017

s/Sean F. Cox
Sean F. Cox
United States District Judge

4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Erick Peeples, *et al.*,

    Plaintiffs,

v.                                         Civil Action No. 13-13858

City of Detroit, *et al.*,            Sean F. Cox
                                               United States District Court Judge

    Defendants.
_____/

PROOF OF SERVICE

    I hereby certify that a copy of the foregoing document was served upon counsel of record on March 27, 2017, by electronic and/or ordinary mail.

                                                     s/Jennifer McCoy
                                                     Case Manager