UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Erick Peeples, *et al.*,

    Plaintiffs,

v.	Civil Action No. 13-13858

City of Detroit, *et al.*,	Sean F. Cox
    	United States District Court Judge
    Defendants.
_____/

# OPINION & ORDER DENYING
# PLAINTIFFS' MOTION TO ALTER AND AMEND (ECF NO. 142)

On February 4, 2019, this Court issued an Opinion and Order granting Defendant's post-remand summary judgment motion. The matter is currently before the Court on Plaintiffs' motion asking the Court to alter or amend the judgment. The motion has been fully briefed by the parties and the Court concludes that oral argument would not aid the decisional process. The Court therefore orders that the motion will be decided without oral argument. Local Rule 7.1(f)(2). As explained below, the Court shall DENY the motion for lack of merit.

## BACKGROUND

Plaintiffs are eleven firefighters who were laid off by the City of Detroit during a reduction in force. Plaintiffs were recalled to work 80 days after being laid off and their labor union successfully grieved their layoffs, securing a settlement under which the City agreed to a "make-whole" award of backpay for each Plaintiff. Plaintiffs then filed this action, asserting Title VII race discrimination claims against the City and their Union.

This Court previously granted summary judgment in favor of both the City and the

1

Union. As to the City's motion, this Court concluded that Plaintiffs failed to present direct evidence to support their claims and that they also failed to establish a prima facie case under the circumstantial evidence approach, which includes a heightened burden in this reduction-in-force case. (ECF No. 136 at 2). As to the Union's motion, this Court granted summary judgment in favor of the union because Plaintiffs cannot establish that the Union breached its duty of fair representation to Plaintiffs which, under then-existing Sixth Circuit case law, they must do in order to proceed with a Title VII claim against the Union. The Court also granted the Union's motion "because Plaintiffs have been reinstated and made whole, and other types of damages claimed by Plaintiffs are unavailable as to the Union." (*Id*. at 2).

Plaintiffs appealed this Court's rulings. The EEOC appeared in the action and filed an amicus curiae brief, urging the Sixth Circuit to change its position and rule that the standards governing a duty of fair representation claim do not govern Title VII discrimination claims against a union.

In a published opinion, the Sixth Circuit affirmed this Court's summary judgment ruling in favor of the City. *Peeples v. City of Detroit*, 891 F.3d 622 (6th Cir. 2018). The Sixth Circuit agreed that Plaintiffs had not produced any direct evidence in support of their claims. *Id*. at 633-34. The appellate court also agreed that Plaintiffs had not met their burden under the circumstantial-evidence approach. *Id*. at 634-36. But the Sixth Circuit then changed its position on the issue of whether a union has to show a breach of the duty of fair representation in order to proceed with a Title VII claim. *Id.* at 636-38. Because this Court had granted summary judgment in favor of the Union on that issue, without considering the merits of the Title VII claims against the Union (as it did with the City), the case was remanded as to the Title VII

claims against the Union.

Following remand, the Union filed a summary judgment motion, addressing the merits of Plaintiffs' Title VII claims against the Union.

On February 4, 2019, after full briefing by the parties, this Court issued an Opinion and Order granting the Union's summary judgment motion. (ECF No. 136). The Court issued that decision after canceling a hearing it had previously scheduled. This Court did so after concluding that oral argument was not necessary, because it would not aid the Court's decisional process on this particular motion.

In its Opinion and Order, the Court noted what it considers to be a poor practice by Plaintiffs' Counsel in responding to a summary judgment motion. This Court's practice guidelines, which are expressly incorporated into the scheduling orders in this case, provide that the "parties must provide the Court with a Judge's Copy of all motions and briefs filed in support of and in opposition to motions. The parties must also provide the Court with a *Judge's Copy of all exhibits* filed in relation to a motion. The Judge's Copy of Exhibits should also be indexed and tabbed." (ECF Nos. 11, 22 & 38 at 2) (emphasis added). In responding to the Union's post-remand summary judgment motion, however, rather than file a response brief *with all of the cited materials attached to it as exhibits*, Plaintiffs' Counsel referenced, by docket number, various portions of the record evidence that was previously submitted to the Court by the parties, in connection with the prior summary judgment motions. Plaintiffs Counsel did separately file a few of the materials referenced (*see* ECF No. 130) but that filing did not include all of the

evidence referenced in Plaintiffs' final response brief.[1] Thus, rather than provide the Court reviewing the motion with a Judge's copy of a binder containing all of the referenced materials as exhibits, Plaintiffs' Counsel left it "to the Court to go find" various materials in the docket in order to review them.

This Court also noted that, even more importantly, "Plaintiffs did not provide the Court with any evidence that was not previously provided to the Court. As such, there is no new evidence before the Court." (*Id*. at PageID.4619).

In evaluating the motion, this Court located in the docket, printed out hard copies, and then carefully reviewed and considered, all of the evidence cited by Plaintiffs in response to the Union's summary judgment motion. In considering whether Plaintiffs could survive summary judgment via direct evidence, this Court explained that "Plaintiffs' brief referenced their having 'direct evidence,' (*see* Pls.' Br. at 23 & 26) but they do not come out and specify what they believe is the direct evidence that could support their claims. So this Court will address *all references to evidence* that Plaintiffs' may be trying to characterize as direct evidence." (ECF No. 136 at PageID.4621) (emphasis added). This Court then addressed the evidence referenced by Plaintiffs in their response brief, and ultimately concluded that none of it constitutes direct evidence. (*Id.* at PageID.4621-23).

On March 4, 2019, Plaintiffs' Counsel filed "Plaintiffs' Motion To Alter And Amend The Opinion And Order [DN 136] And The Judgment Entered [DN 137] Based Thereon" (ECF No. 142).

---

[1]For example, it did not include the cited pages of Plaintiff McCloud's deposition transcript, the cited pages of Plaintiff Fields's deposition transcript, or the cited pages of Teresa Singleton's deposition transcript.

## ANALYSIS

"A district court may grant a Rule 59(e) motion to alter or amend judgment only if there is '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 496 (6th Cir. 2006) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). To prevail on a motion brought pursuant to Rule 59(e), newly discovered evidence must have been previously unavailable. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 615 (6th Cir. 2012).

Here, Plaintiffs have not set forth any basis for altering or amending this Court's opinion and order granting summary judgment in favor of the Union. Plaintiffs have not shown a clear error of law, have not identified any newly discovered evidence, and have not identified any intervening change in controlling law. The Court concludes that Plaintiffs have also failed to show that the judgment should be altered or amended in order to prevent manifest injustice.

In their motion, Plaintiffs assert that this Court "ignored," or failed to consider, the exhibits they filed and/or the evidence they cited in their response brief. Simply stated, this assertion is false. This Court considered all of the evidence referenced by Plaintiffs, regardless of whether Plaintiffs' Counsel complied with this Court's practice guidelines by providing the Court with a Judge's Copy of a binder containing all of the referenced materials.

Plaintiffs' Counsel also complains that the Court did not hear oral argument on the motion. This Court, however, has the discretion to decide a motion without holding oral argument. *See* Local Rule 7.1(f)(2). After having reviewed the briefs filed in connection with the Union's post-remand summary judgment motion, this Court concluded that oral argument

would not be helpful and ordered that the motion would be decided without oral argument.

The remainder of Plaintiffs' motion continues to make the same arguments previously made by Plaintiffs, that were considered and rejected by the Court.

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Plaintiffs' Motion to Alter or Amend Judgment is DENIED.

IT IS SO ORDERED.

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: April 29, 2019