UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Erick Peeples, *et al.*,

    Plaintiffs,

v.                                                        Civil Action No. 13-13858

City of Detroit, *et al.*,                       Sean F. Cox
                                                       United States District Court Judge

    Defendants.
_____/

## OPINION & ORDER
## REGARDING COSTS

In this action, Plaintiffs asserted Title VII claims against their labor union, the Detroit Fire Fighters Association, Local 344, IAFF, AFL-CIO ("the Union"). This Court granted summary judgment in favor of the Union as to Plaintiffs' claims. As the prevailing party in this case, the Union filed a Bill of Costs seeking a total of $10,334.87 in costs. After the Clerk of the Court taxed costs in the amount of $9,302.17, both Plaintiffs and the Union filed objections. As explained below, the Court finds Plaintiffs' objections without merit and concludes that the Union should be awarded the full amount of costs sought.

## BACKGROUND

On September 10, 2013, Plaintiffs filed this action asserting Title VII disparate-treatment race discrimination claims against: 1) the City of Detroit ("the City"); and 2) the Union.

Following the close of discovery, each Defendant filed a Motion for Summary Judgment. This Court issued an Opinion & Order on January 26, 2017, wherein it granted both motions. (ECF No. 91). As to the City's motion, this Court concluded that Plaintiffs failed to present

1

direct evidence to support their claims and that they also failed to establish a prima facie case under the circumstantial evidence approach, which includes a heightened burden in this reduction-in-force case. (*Id*. at 2). As to the Union's motion, this Court granted summary judgment in favor of the Union because Plaintiffs cannot establish that the Union breached its duty of fair representation to Plaintiffs which, under then-existing Sixth Circuit case law, they must do in order to proceed with a Title VII claim against the Union.

After the Judgment was issued, the Union filed a Bill of Costs. (ECF Nos. 93 & 94). The Clerk of the Court taxed costs against Plaintiffs in the amount of $9,302.17, less than the full amount requested by the Union. (ECF No. 95). Both Plaintiffs and the Union filed objections concerning costs. (ECF Nos. 96 & 97).

In an Order issued on March 27, 2017, this Court addressed the objections and ruled that the Union should be awarded the entire amount of costs sought for deposition transcripts. (ECF No. 109). In doing so, this Court explained, in pertinent part:

> Having reviewed the parties' objections, the Court concludes that the Union should be awarded the entire amount of costs sought for deposition transcripts.
> "Rule 54(d) of the Federal Rules of Civil Procedure provides that 'costs shall be allowed as of course to the prevailing party unless the court otherwise directs.' This language creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court." *White & White, Inc. v. American Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986). Thus, the award of costs under Rule 54 is addressed to the court's discretion. *Singleton v. Smith*, 241 F.3d 534, 538 (6th Cir. 2001).
> One allowable cost – the only one at issue here – is the cost of "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2).
> "Ordinarily, the costs of taking and transcribing depositions reasonably necessary for the litigation are allowed to the prevailing party. Necessity is determined at the time of taking, and the fact that a deposition is not actually used at trial is not controlling." *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989).
> The five deposition transcripts that Plaintiffs take issue with are those of

> Vincent Fields, Ralph Glenn, Jr., Lee Jones, Jr., John King, and Marcus Holmes. The Court concludes that those deposition transcripts were reasonably necessary for the litigation.
> Fields, Glenn, and Jones were named Plaintiffs and, as such, it was necessary for the Union to depose those men in order to defend against this lawsuit.
> Moreover, district courts within this Circuit have "found that depositions cited by either party in support or defense of a motion are 'reasonably necessary for the litigation' and, therefore, are taxable by the prevailing party under § 1920(2)." *See, e.g., Lamar v. Oakland Cnty.*, 2008 WL 239830 at * 1 (E.D. Mich. 2008); *see also Keweenaw Bay Indian Cmty. v. Rising*, 2005 WL 3535124 at *2 (W.D. 2005). All of the transcripts at issue were submitted to the Court in connection with the Defendants' Motions for Summary Judgment. That these transcripts were submitted by Plaintiffs' Counsel, rather than Defense Counsel, does not make them any less necessary for the determination of the issues presented to the Court.
> Accordingly, IT IS ORDERED that the Court OVERRULES Plaintiffs' Objections (D.E. No. 96) and SUSTAINS the Union's Objections. (D.E. No. 97). The Court ORDERS that the Union is entitled to costs in the total amount of $10,334.87.
> IT IS SO ORDERED.

(*Id*.).

Plaintiffs appealed this Court's summary judgment rulings to the United States Court of Appeals for the Sixth Circuit. The EEOC appeared in the action and filed an amicus curiae brief, urging the Sixth Circuit to change its position and rule that the standards governing a duty of fair representation claim do not govern Title VII discrimination claims against a union.

In a published opinion, the Sixth Circuit affirmed this Court's summary judgment ruling in favor of the City. *Peeples v. City of Detroit*, 891 F.3d 622 (6th Cir. 2018). The Sixth Circuit agreed that Plaintiffs had not produced any direct evidence in support of their claims. *Id*. at 633-34. The appellate court also agreed that Plaintiffs had not met their burden under the circumstantial-evidence approach. *Id*. at 634-36.

The Sixth Circuit then changed its position on the issue of whether a union has to show a

breach of the duty of fair representation in order to proceed with a Title VII claim. *Id.* at 636-38. Because this Court had granted summary judgment in favor of the Union on that issue, without considering the merits of the Title VII claims against the Union (as it did with the City), the case was remanded as to the Title VII claims against the Union.

Following remand, the parties agreed that the Court's order concerning costs should be vacated, in light of the remand, without prejudice to any of the remaining parties seeking costs, as appropriate, in the future. (ECF No. 121).

The Union then filed a summary judgment motion challenging the merits of Plaintiffs' Title VII claims against it. (ECF No. 122). In connection with that motion, both Plaintiffs and the Union referenced various portions of the record evidence that was previously filed on the docket by the parties, in connection with the prior summary judgment motions. That included deposition transcripts.

In an Opinion & Order issued on February 4, 2019, this Court granted the Union's summary judgment motion and issued a judgment that same day. (ECF Nos. 136 & 137).

On February 5, 2019, the Union filed a Bill of Costs, again seeking a total of $10,334.87 in costs, which consists of court reporter and deposition transcript fees. (ECF No. 138). The Clerk of the Court again taxed costs in the amount of $9,302.17 – the same amount previously taxed. The costs denied by the Clerk were explained as follows:

> Court reporter fees as to witnesses John King ($328.00), Vincent Fields ($527.60), and Marcus Holmes ($177.10) are denied, as the bills of costs documents that the corresponding deposition transcripts were used only by plaintiffs in support of their motion response, and not by the prevailing defendants. (The costs for these witnesses are included in invoice numbers 604445, 600956, and 598011 in the bill of costs. Costs for these witnesses were determined by adding the cost of their transcripts, plus one-half the cost for the document imaging fees.)

4

(*Id.*). That is the same explanation for the denial of previous costs requested by the Union.

Once again, both Plaintiffs and the Union are not satisfied with the costs taxed by the Clerk of the Court and each filed objections. (ECF Nos. 140 & 141).

**ANALYSIS**

After remand, this Court granted summary judgment in favor of the Union as to Plaintiffs' claims against it. The Clerk of the Court taxed costs in the amount of $9,302.17. Both Plaintiffs and the Union filed objections to those costs.

In their objections, Plaintiffs ask the Court to exercise its discretion and not award costs to the Union. Plaintiffs urge the Court to view this case as having "occurred in two phases: 1) before the Sixth Circuit's remand ('Phase 1') and, 2) after the Sixth Circuit's remand ('Phase 2')." (Pls.' Objs at 2). Plaintiffs assert that "Phase 1 resulted in the Plaintiffs receiving a reversal and published opinion from the Court of Appeals, creating new law in this Circuit to-wit: that establishing a breach of the duty of fair representation is not part of proving a Title VII claim against a labor union." (*Id*. at 3). Plaintiffs assert all costs sought by the Union are from Phase 1 and, therefore, the Court should not award costs to the Union even though it is the prevailing party in this action.

The Court finds Plaintiffs' objection without merit. Phase 1 of this case (prior to the Sixth Circuit's opinion) included all discovery in this action and dispositive motion practice. Both Plaintiffs and the Union used the deposition transcripts at issue during motion practice during Phase 1. Following remand, the Union filed a summary judgment motion challenging Plaintiffs' claims on the merits. Both Plaintiffs and the Union then cited to those same deposition transcripts in support of their respective summary judgment briefs. Thus, the costs

sought by the Union – the cost of deposition transcripts used during dispositive motion practice – were incurred in *both* phases. The Court denies Plaintiffs' request that the Court vacate the costs taxed by the Clerk of the Court and award no costs to the Union.

Moreover, the Court finds the Union's objections to the amount of costs taxed by the Clerk of the Court to have merit. The Court concludes that all of the deposition transcript costs sought by the Union were reasonably necessary for this litigation and should be awarded in this case.

"Rule 54(d) of the Federal Rules of Civil Procedure provides that 'costs shall be allowed as of course to the prevailing party unless the court otherwise directs.' This language creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court." *White & White, Inc. v. American Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986). Thus, the award of costs under Rule 54 is addressed to this Court's discretion. *Singleton v. Smith*, 241 F.3d 534, 538 (6th Cir. 2001).

One allowable cost, and again the only one at issue here, is the cost of "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). "Ordinarily, the costs of taking and transcribing depositions reasonably necessary for the litigation are allowed to the prevailing party. Necessity is determined at the time of taking, and the fact that a deposition is not actually used at trial is not controlling." *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989).

The costs sought by the Union that were not awarded by the Clerk of the Court were for deposition transcripts of three individuals (King, Fields, and Holmes). As he was a plaintiff in this case, it was clearly necessary for the Union to depose Fields in order to defend against this

lawsuit.

Moreover, district courts within this Circuit have "found that depositions cited by either party in support or defense of a motion are 'reasonably necessary for the litigation' and, therefore, are taxable by the prevailing party under § 1920(2)." *See, e.g., Lamar v. Oakland Cnty.*, 2008 WL 239830 at * 1 (E.D. Mich. 2008); *see also Keweenaw Bay Indian Cmty. v. Rising*, 2005 WL 3535124 at *2 (W.D. 2005). All three of the transcripts at issue were submitted to the Court, and cited by the parties, in connection with the summary judgment motions in this case. That transcripts were submitted or referenced by Plaintiffs' Counsel, rather than Defense Counsel, does not make them any less necessary for the determination of the issues presented to the Court.

The Court concludes that the Union should be awarded the full amount of the costs of the deposition transcripts, $10,334.87.

## CONCLUSION & ORDER

Accordingly, IT IS ORDERED that the Court OVERRULES Plaintiffs' Objections and SUSTAINS the Union's Objections relating to costs. The Court ORDERS that the Union is entitled to costs in the total amount of $10,334.87.

IT IS SO ORDERED.

                                        s/Sean F. Cox
                                        Sean F. Cox
                                        United States District Judge

Dated: June 17, 2019